WILLIAM L. HEARN and wife and others *vs.* WILLIAM H. ROSS, WILLIAM RIDER and others.

A *will* cannot be varied or explained by parol evidence, unless there be some latent ambiguity.

But parol evidence is admissible to prove that the paper propounded as a will was executed through fraud or mistake; or other parol evidence which denies the existence of the will.

The accidental omission of one of several tracts of land intended to be devised will not destroy the will, though the testator designed an equal distribution of his estate which this accident disturbs; and though the omission was not discovered by the testator.

THIS was an issue of *devisavit vel non* sent by the Register of wills of Sussex county, to try the validity of the will of Caleb Ross, dec'd., dated the 5th of October, 1842. The case was heard on the 15th of October, 1843.

The respondents proved the *factum*, and the general competency of the testator to make a will, and rested.

The plaintiffs then opened against the will, and stated the objections to be 1st. That Caleb Ross' naturally strong mind was much weakened by disease, and other causes. 2d. That the paper propounded as the will was drawn from written instructions carefully prepared by the testator in two drafts; but it materially varied from the instructions, and was executed without being read over or examined by Mr. Ross, who never knew of the discrepancies.

One discrepancy was that a tract of land worth $1,800 to $2,000, contained in the statement of instructions, and designed to be devised to Wm. L. Hearn, was altogether omitted in the prepared will.

The testator set a valuation on all his real estate, thirty tracts in all, valued at $68,050 and intended to divide it equally according to that valuation. The omission of this tract disturbed the whole arrangement.

The tracts directed to be devised to Wm. L. Hearn, according to this valuation were eleven, valued at $16,200. The will gave him only nine tracts, whose valuation would be only $14,000; whilst these tracts descending as intestate to all the children, would increase the shares of Wm. Ross, Rider and Paynter, who already had their *full* share, very considerably. The plaintiffs' counsel contended, that if they established this discrepancy, it would be for the other side to show that Caleb Ross knew of it, or this paper was not his will : for this purpose they called

*Elisha D. Cullen, Esq., sworn.*—I was employed by Mr. Ross to draft his will. *Qu.*—Had you written instructions, or any original draft of this will? *Ans.*—I had, and still have it. Produce it and state whether the will now propounded does not vary materially from those instructions. Objected to.

*Frame.*—Our object is to show that Ross gave Mr. Cullen written instructions as to his will; that Mr. Cullen drew out a will, faithfully carrying out these instructions; but on making a fair copy of the will he accidentally omitted an important tract of land, intended to be devised to Wm. L. Hearn and wife, and that this copy was exe-cuted by Caleb Ross without any knowledge of this omission. We wish to examine Mr. Cullen for this purpose.

*Cullen* and *Ridgely.*—A mistake or omission in drawing out the will from instructions, will not vitiate the will. Such a variance cannot be proved by parol against the written will.

1st. How can the omission to devise one tract of land as ordered by the instructions affect the other devises? Are not the other devises still the will of the testator? This is not a new case; it has often happened before. (11 *Johns. Rep.* 201, *Jackson* vs. *Sill et al.;* 14 *Ibid* 1, *Mann et al.* vs *Mann ;* 1 *Wend. Rep.* 541 ; 2 *Vern. Rep.* 98, 233; 2 *Wm's. Ex'r.* 736; 1 *Ibid* 201-2.)

The cases in England never declare against a will because of an omission; they establish it with the omitted item. Parol evidence to show an error in a will cannot be admitted unless there is an ambiguity on the face of the will. (3 *Eng. Ecc. Rep.* 289, *Draper* vs. *Hitch ;* 4 *Ibid* 204, *Harrison* vs. *Stone ;* 1 *Ib.* 432, *Faucet* vs. *Jones* 452; 2 *Ib.* 506, *Travers and Edgell* vs. *Miller ;* 2 *Ib.* 500, *Bayldon* vs. *Bayldon.*)

If there is a mistake in this will by the omission of a tract of land, how can it be rectified? Not by setting aside this will. That would be to increase the mistake.

Mistakes in wills may be rectified in chancery. (1 *Mad. Chy.*

66-8, 443; 4 *Vesey* 45; 2 *Atk.* 372; 4 *Vesey* 675; 4 *Vesey* 51-7; 1 *Johns. Ch. Ca.* 231.)

2d. The evidence offered is not admissible to defeat this will, because the act of assembly provides that a will formally executed shall not be *altered* or revoked except by writing under seal. (*Dig.* 556.)

3d. To declare the whole will void, because the intention of the testator had not been carried out as to a part, would be to annul every will in which the testator does not happen to express his own will in a lawful form.

The residuary clause will not carry after acquired property; yet in nine cases in ten the testator thinks it will. Shall this mistake vitiate the whole will. The after acquired property would go in that case as the omitted farm here would go, not under the will but as intestate property.

Then if the evidence now offered cannot have any effect to destroy this will, it is not pertinent to the issue, and is inadmissible.

Parol evidence of a mistake in a will, or an omission from a will, is not admissibe to destroy the will.

If you can prove by parol that an item of property is omitted by mistake, it would be equally right to prove by parol that an item devised to A. was intended for B. This would be to repeal the statute of wills.

The evidence of an omission of an item of property is not admissible to defeat the whole will any more than the failure of a devise as intended; and if the evidence falls short of that, it is not pertinent to the issue of devisavit vel non. Latent ambiguities may always be explained by parol. (*Talbot's cases* 240, *Brown* vs. *Selwyn*; 7 *Term Rep.* 138, *Walpole* vs. *Chalmondely*; 6 *Ibid* 671, *Thomas* vs. *Thomas*; 11 *East* 441, *Doe dem, Brown* vs. *Brown*; 3 *Taunt.* 147; *Shelford Lun.* 303, 333.) A will may be established in part and avoided as to part.

*Houston* and *Frame* contra.—The evidence offered is not for the purpose of contradicting, varying, or adding to the paper propounded as the will of Caled Ross, but of denying its legal existence.

This is the principle of common law. Parol evidence is admissible to deny an instrument; but not to contradict or alter it. (3 *Stark Evid.* 995-6, 1015; 8 *Term Rep.* 147.)

It may be said that the case last cited was a case of fraud, but how can that vary the matter in a court of *law*. Suppose the omission in this case to have been designed the will would be void;

can it be otherwise if the omission was by mistake? Whether fraudulently or by mistake, if the testator was deceived it avoids the will. (21 *Law Lib.* 230 ; 1 *Harr. Rep.* 454, *Chandler* vs. *Ferris.*)

In all the cases cited on the other side, the parol evidence was offered not to deny the will, but to explain it in its construction.

The cases are in relation to personal property, and until recently the bequest of personalty need not have been signed ; consequently, the court never set aside a will for variance from instructions, because the instructions would be brought in and tacked on to the will as a part of it.

How does this question come up? It is an issue from the register to try whether this is or is not the will of Caleb Ross. The jury must find yea or nay. Is it the will? Not a part of the will—not the will so far as it goes—but *the* will, the entire will. Then suppose we prove beyond a doubt that he intended, and thought he was carrying out that intention, to devise a farm to William L. Hearn and wife, when that farm was totally omitted and the equality of distribution among his children thus broken up. Can the jury say that this is his will? And if such evidence proves that it is not his will, is it not admissible? Why not?

It is said, it is not proper to receive parol evidence as against a written instrument; that this would be evading if not repealing the statute of wills. I admit that parol evidence cannot be received to change, vary, add to, or restrict a writing which is required by the statute of wills, or of frauds, to be in writing. Is that our object in offering this evidence, to explain, add to, vary, expound or supercede by substitution, the paper propounded as the will of Caled Ross? For no such purpose is it offered, but to *defeat* it; to show that it has not, and never has had, any legal existence or validity as the will of Caleb Ross. It cannot be his will without his volition, without his intention to make it his will, just as it is.

Parol evidence is offered in connection with writings in several cases, and the admissibility depends on different circumstances:— 1. Where there is a latent ambiguity not appearing on the face of the instrument, but appearing by parol when the instrument is about to be enforced, parol evidence is admissible to explain the ambiguity. Such evidence does not go to defeat but to set up and carry out the instrument. Where the ambiguity is patent, appearing on the instrument, parol evidence is not admissible. 2. Where the attempt is to *rectify* a written instrument by parol (which cases are generally in chancery) on the ground of mistake, the rule is directly the re-

verse, and the court will not rectify the mistake by parol, unless the mistake is patent on the face of the instrument. Almost all the cases cited on the other side, are cases of this kind. The object in all such cases is not to defeat, but to perfect the instrument.  3. Cases in the ecclesiastical courts, where the proceeding is of a special character for the purpose of proving the will.  Testaments in England (until lately) were not governed by the statute of frauds; any thing in writing might be propounded as a will of personalty. What is the question in these cases in the ecclesiastical courts? They all arise on testaments of personal property, and the object in all of them is to set up the testament, in which the controversy is often between the testament and the instructions, either of which may be propounded and admitted, or both together.  In any such proceeding, they establish whatever is proved to have been the intention of the testator:—they are bound down to no such issue as this whether one paper unchanged, unaltered, is the last will and testament.  Such trials in England take place on feigned issues out of chancery or actions of ejectment, tried in the common law courts. Where is there such a case in which extrinsic evidence tending to show the paper propounded as the will, is not the will, has been rejected as inadmissible.  *The only case having any resemblance to it is the case cited from* 7 *Term Rep.* 138.

*Mr. Bates* in reply :—The paper propounded as the will of Caleb Ross is proved to have been executed with particular care, before seven witnesses, by a man in full possession of an unusually sharp intellect.

It is objected to this will, thus proved, that there was a certain paper writing placed by him, some time before, in the hands of Mr. Cullen, which contained, not any thing inconsistent with this will, but one other thing not contained in the will.  Which are we to take for the will, the informal note or the formal particularly executed will ?

The proof of this paper writing is inadmissible :—1st. As varying a written instrument.  2d. As not tending to prove the issue.

It does not assume to question any of the dispositions contained in Ross' will, but only assumes that it contains something not in the will.

This is the last will, and a valid will although it do not contain *all* the testator's property.  Nothing is more usual than to omit some property.  Hence the origin of a residuary clause.  In this case there does not happen to be a residuary bequest, but the consequence

only is that Mr. Ross died intestate of the two hundred and fifty acres of land accidentally omitted, if such omission was accidental.

If the omission to insert a farm that was intended to be devised will set aside a will, the omission of a horse or a cow would be equally fatal, provided such intention can be proved.

The evidence is not admissible because it would violate the statute of wills, and open the door to all the mischiefs intended to be shut out by the statute of frauds. It would be no use to provide that last wills shall be executed in a formal way, if parol evidence of intention were admissible to defeat or explain the will. And directions in writing are no better in this respect than oral declarations of intention. Both are merged in the sealed instrument; and are not to be controlled by such evidence. Nothing can be proved to invalidate the will short of *fraud.* (8 *T. Rep.* 147 ; 7 *Ibid* 138.)

*By the Court:*

HARRINGTON, *Judge:*—

First. Parol evidence is inadmissible to add to, take from, vary, or explain a written instrument like this. A last will and testament must by our statute of wills, be in writing, and executed with certain formalities. If a paper so executed could be varied by parol, it would repeal the statute.

2d. On an issue touching the legal existence or validity of such an instrument, parol evidence wholly denying it is admissible ; as that a paper was either fraudulently or otherwise imposed upon a testator and executed by him ignorantly as his will, which was not his will. (8 *Term Rep.* 147, *Doe ex dem., Small* vs. *Allen.*) This was a case of *fraud ;* but I cannot perceive that there is any difference on the question of evidence, whether the testator through fraud or through mistake signs a paper as his will which is not his will. Thus if a testator directed a certain farm to be given by his will to A. B., and the draftsman, either fraudulently or by mistake, gave it to C. D., and the will was executed in the assurance and belief that it was written according to the directions, evidence of the mistake would, I apprehend, be admissible on an issue of devisavit vel non, because it would prove that the paper offered, at least in reference to this devise, was not the will of the testator. And the will not being capable in this court, if anywhere, of being established in part and rejected in part, the issue must on such evidence be found *against* the will.

3d. The evidence offered in this case, is that by mistake a certain farm which the testator intended to devise to one of his children,

was omitted from the will, and the omission was not made known to or discovered by the testator when he executed the will. Is this evidence admissible on the present issue? Does it show, or tend to show, that the will which was executed was not the will of Caleb Ross? It is not pretended that there is any thing in that will which is not strictly according to the wish and intention of the testator; it follows, so far as it goes, the directions given to the draftsman; the testator has not been made either by fraud or mistake to express any thing that he did not mean. But the proposition is that because he had a further will in relation to other property which he by accident did not express, that therefore all he did express and execute, though admitted to be according to his intention, is not his will. Can that be so. If it is so, then the omission of any devise or bequest however unimportant, which the testator could be proved to have intended to insert in his will; nay the failure of any devise, though by the ignorance of the draftsman, to cary the full estate intended, would vitiate the whole will.

In our view, parol evidence may be given on an issue like this, to show that the testator, either fraudulently or by mistake, has been made to express an intention that he did not entertain, for this denies the will; but that evidence, which while it admits the will so far as it goes, seeks to controvert it by showing a *further* intention in relation to *other* property, is not admissible.

There is no conflict between this opinion and the case of *Chandler* vs. *Ferris*. In that case the will as written, was essentially different from the instructions, giving the property for purposes and on an event not intended by the instructions; and the court told the jury if this was proved, and they were satisfied by the evidence that the testator did not know and approve of these deviations from his instructions, then it was not his will. If there was any error in the charge given to the jury in that case, it was in not giving sufficient stress to the fact of the execution of the will as affording strong presumption that the testator knew of the deviations and adopted them. Yet notwithstanding such presumption, if the jury were satisfied by evidence that he did not know or approve of the deviations, it necessarily resulted that the paper executed was not his will, because it made him dispose of his property as he had not intended to dispose of it. No such thing can be said of the paper now propounded as the will of Caleb Ross, if established. It is his will in every word and line of it; though it may also have been his intention, which he accidentally failed to express, to devise another farm which is omitted. Evidence

of this kind would be admitted in the probate courts in England, for the purpose of perfecting the will, at least as to personalty; and the will would be admitted to probate together with the instructions. (2 *Ecc. Rep.* 509, *Bayldon* vs. *Bayldon et al.*) Such is the real effect of the evidence, not to destroy the will, for it contradicts nothing in the will, but to perfect it according to the intention of the testator, and enlarge the devise to Wm. L. Hearn and wife, by the insertion of the farm accidentally omitted. That cannot be done in this court, but it does not follow because we cannot provide a remedy for this mistake, that it is therefore to destroy the whole will.

Evidence ruled out.

This ended the case, and the jury returned a verdict in favor of the will.

*Frame* and *Houston* for the caveators.
*Ridgely*, *Cullen* and *Bates* for the will.